# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 10-60845
Summary Calendar

Lyle W. Cayce
Clerk

REVEREND LOUIS BAILEY

Plaintiff - Appellant

v.

DOLGENCORP, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-253

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reverend Louis Bailey ("Bailey") appeals the district court's grant of summary judgment in favor of Dollar General Corporation ("Dolgencorp"). Before us is Bailey's claim against Dolgencorp for unlawful termination in retaliation for his Equal Employment Opportunity Commission ("EEOC") filing.

## FACTS AND PROCEEDINGS

Bailey was hired as a loader in the shipping department at Dolgencorp in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1999.  In March 2007, Bailey took his supervisor's hand and prayed for her illness to go away even though she did not request the prayer.  The parties dispute whether the supervisor complained about the prayer or if she was simply concerned about it.  After reviewing the incident, Dolgencorp management chose to terminate Bailey in April of 2007.  Bailey challenged his termination by filing complaints with Dolgencorp's internal alternative dispute resolution program and the EEOC.  The internal alternative dispute resolution panel concluded that Dolgencorp should not have terminated Bailey.  Dolgencorp accepted the panel's conclusions and reinstated Bailey in May of 2007.

Dolgencorp has a "progressive" discipline policy.  It issues warnings called "counselings" for substandard work, correctable conduct, and correctable attendance problems.  The progressive discipline policy has three levels: a verbal counseling, a written counseling, and a final counseling.  Dolgencorp management records and tracks each counseling. When a Dolgencorp employee receives a final counseling, he is placed on probation for one year.  If he receives any counseling during the one-year probationary period, he is terminated. Bailey received verbal and written counselings in January and February of 2007, respectively, for substandard work loading trucks.

Upon his reinstatement in May, Bailey's manager issued him two counselings for prior violations of company policy.  One was a written counseling for violating the company's anti-harassment policy by praying for his ill supervisor in an unwanted manner.  The second was a final counseling written on March 20, 2007 for Bailey's substandard performance in loading a truck.[1]

---

[1] Dolgencorp issues counselings only while employees are working.  Bailey was on vacation for several days attending a funeral in late March.  He returned to work on April 3, 2007, and his managers told him that he was being terminated for praying for his supervisor in an unwanted manner.  Because Bailey was in the process of being terminated for his unwanted prayer when he returned from his trip, Dolgencorp did not issue the

The final counseling for the truck load triggered the one-year probationary period for Bailey.

On March 6, 2008, a truck arrived at the Dolgencorp store in Elizabeth, Louisiana, and fifteen cases of merchandise fell to the ground when the truck's doors were opened.  The assistant manager of the Elizabeth store reported the damage. After investigation, Dolgencorp determined that Bailey and a colleague were responsible for loading the truck.   While the parties dispute the thoroughness with which Bailey's managers conducted their investigation, they do not dispute that this incident took place less than one year after Bailey's final counseling dated March 20, 2007.  Bailey received a counseling for this incident and was terminated by his supervisor Donna Azar ("Azar").

Bailey filed a lawsuit against Dolgencorp for unlawful termination in retaliation against his EEOC filing.  Dolgencorp moved for summary judgment. The district court granted summary judgment because Bailey could not "demonstrate a triable issue of fact on [the] causal connection" between his EEOC filing and termination.   The district court also found that Bailey's evidence of pretext failed "to demonstrate a genuine issue of material fact" and that there was insufficient evidence to "create a genuine issue of fact as to whether retaliation was a motivating factor" in Dolgencorp's decision.  Bailey appeals.

## STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

March 20 final counseling until his May reinstatement.

matter of law" FED. R. CIV. P. 56(a).

## DISCUSSION

### A.    Discriminatory Retaliation

Bailey claims that Dolgencorp fired him in retaliation for his EEOC filing. "[I]n order to establish a prima facie case of retaliation, the plaintiff must show (1) that he engaged in an activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there is a causal link between the protected activity and the adverse employment action." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003). When evaluating discrimination claims, this court employs the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)*,* and *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), *superceded by statute*, 42 USC § 2000e-2(m). Under this framework, a plaintiff must

> demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motives alternative).

*Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal citations and quotations omitted); *see also Smith v. Xerox Corp.*, 602 F.3d 320, 330 (5th Cir. 2010) (the *Price Waterhouse* burden-shifting scheme applies to retaliation claims). The plaintiff must establish a prima facie case of discrimination before the burden shifts to the defendant. *See Manning*, 332 F.3d at 881.

B.     Prima Facie Case for Bailey's Retaliation Claim

The parties do not dispute that Bailey engaged in a protected activity by filing an EEOC claim or that Bailey suffered an adverse employment action when he was terminated by Azar in April of 2008.  Thus, Bailey has established the first two prongs of a prima facie case of retaliation.  The only question is whether Bailey showed a "causal link between the protected activity and the adverse employment action."  *Id.* at 883.

Bailey claims that he has raised a genuine issue of material fact that his EEOC filing caused Dolgengorp to fire him.  First, despite "several infractions for which he received disciplinary counselings earlier in his career," Bailey argues that he was disciplined in March 2007 and 2008 only because of his EEOC complaint.[2]  He next alleges that Dolgencorp failed to follow its normal procedures in investigating his loading errors before issuing his 2008 counseling because his managers were upset with his EEOC filing.  Finally, Bailey asserts that the eleven-month lapse between his EEOC filing and his ultimate termination is insufficient to show that there was no connection between his protected activity and his termination.

His arguments fail, however, because he cannot show a vital prerequisite to the retaliation claim: that the decisionmaker knew of the protected activity.

> [I]n order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity. . . . If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.

---

[2] Bailey also seems to allege that his counselings in January and February 2007 were related to his EEOC filing.  Counselings prior to the EEOC complaint could not have been caused by the EEOC complaint.

*Id.* (internal citations and quotation marks omitted).

Azar denies that she was aware that Bailey had filed an EEOC claim, and Bailey does not dispute that Azar was the decisionmaker in his termination. He has not presented any evidence that Azar knew of his EEOC claim, but simply alleges that Azar is not a credible witness.

> The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . the opposing party may not merely recite the incantation, "Credibility," and have a trial on the hope that a jury may disbelieve factually uncontested proof.

*Curl v. Int'l Bus. Machs. Corp.*, 517 F.2d 212, 214 (5th Cir. 1975) (quoting *Rinieri v. Scanlon*, 254 F. Supp. 469, 474 (S.D.N.Y. 1966)); *see Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 258 (5th Cir. 2009) ("Lee offers only speculative inferences to support his assertion, which is insufficient to demonstrate the existence of a genuine issue of material fact"). As such, Bailey has not raised a genuine issue of material fact on the causal connection between his EEOC claim and his termination. Because Bailey cannot establish a prima facie case, his retaliation claim must fail.

## CONCLUSION

The district court's grant of summary judgment is AFFIRMED.